J-S05025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ANTHONY LEDONNE | : | |
| | : | |
| Appellant | : | No. 1003 WDA 2017 |

Appeal from the Judgment of Sentence April 10, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013658-2016,
CP-02-CR-0013659-2016, CP-02-CR-0013660-2016

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY OTT, J.:                    **FILED FEBRUARY 15, 2018**

Jeffrey Anthony Ledonne appeals from the judgment of sentence imposed April 10, 2017, in the Allegheny County Court of Common Pleas.  The trial court sentenced Ledonne to an aggregate term of two to four years' imprisonment, followed by three years' probation, after he entered guilty pleas in three separate cases.[1]  At issue herein are the sentences at Docket Numbers CP-02-CR-13658-2016 and CP-02-CR-13659-2016, imposed for his failure to comply with the registration and verification requirements of the Sexual Offender Registration and Notification Act ("SORNA").[2]  In addition to this

---

* Retired Senior Judge assigned to the Superior Court.

[1] We note Ledonne does not challenge the sentence imposed at Docket Number CP-02-CR-13660-2016 following his guilty plea to one count of theft.

[2] 42 Pa.C.S. §§ 9799.10-9799.41.

appeal, Ledonne has filed a petition requesting we remand this case to the trial court for consideration of the Pennsylvania Supreme Court's recent decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). As both the trial court and the Commonwealth agree that a remand is appropriate,[3] we vacate the judgments of sentence imposed at Docket Numbers 13658-2016 and 13659-2016, and grant Ledonne's petition for remand.

In **Muniz**, the Pennsylvania Supreme Court held the registration requirements under SORNA are punitive in nature, and, consequently, the retroactive application of SORNA's registration provisions violates the *ex post facto* clause of the United States Constitution.[4] **Id.** at 1218. In the present case, Ledonne's registration requirements arose from his guilty plea in two sexual assault cases: (1) a plea entered on March 22, 2010, to one count of statutory sexual assault, and (2) a plea entered on June 17, 2016, to one count of indecent assault (victim less than 13 years old).[5] **See** N.T., 4/10/2017, at 11. Pursuant to **Muniz**, Ledonne should not have been required to register under SORNA for the statutory sexual assault offense because the

---

[3] **See** Trial Court Opinion, 9/5/2017, at 4; Commonwealth's Brief at 10.

[4] Justice Dougherty, writing the Opinion Announcing the Judgment of the Court, also held the provisions in SORNA violated the *ex post facto* clause of the Pennsylvania Constitution. **See Muniz**, **supra**, 164 A.3d at 1223. However, a majority of the Justices did not join that part of the opinion.

[5] **See** 18 Pa.C.S. §§ 3122.1 and 3126(a)(7), respectively.

crime occurred prior to the enactment of SORNA. However, with regard to Ledonne's 2016 guilty plea to indecent assault, the record does not establish when the offense underlying that plea occurred. Therefore, is it unclear whether application of SORNA would be constitutional under **Muniz**.

Accordingly, we vacate the judgment of sentence imposed on Docket Numbers CP-02-CR-13658-2016 and CP-02-CR-13659-2016, and remand for reconsideration of those convictions in light of **Muniz**. Because Ledonne does not challenge his conviction of theft at Docket Number 13660-2016, we affirm the judgment of sentence imposed at that docket.

Judgment of sentence affirmed in part and vacated in part. Petition for remand granted. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/15/2018